JUDGE SCHEINDLIN          08 CV 03383

Marcella Ballard
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036
T: 212.626.4100
F: 212.310.1600



*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| National Tobacco Company, LP<br><br>        Plaintiff,<br><br>        -against-<br><br>Timothy Parker and Xavier Mosley p.k.a. Blackalicious, Raymond Riley p.k.a. Boots Riley, Solomon David and Marlon Irving, p.k.a., Lifesavas,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF SOUGHT** |

Plaintiff National Tobacco Company LP (NTC) by its attorneys Baker & McKenzie LLP, for its complaint against defendants Blackalicious, Boots Riley and Lifesavas ("Defendants") alleges as follows:

**PARTIES**

1. Plaintiff NTC now is, and at all times relevant to the complaint has been, a Delaware limited partnership with a principal place of business in Louisville, Kentucky.

2. Upon information and belief, Defendant Blackalicious is a musical group whose members Timothy Parker and Xavier Mosley reside in California.

3. Upon information and belief, Defendant Boots Riley is an individual residing

in California named Raymond Riley, who performs musically both on his own and as part of the band Galactic.

4. Upon information and belief, Defendant Lifesavas is a musical group whose members Solomon David and Marlon Irving reside in Portland, Oregon.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction under the United States Lanham Act, 15 U.S.C. § 1051 *et seq.*, for a declaratory judgment of non-infringement. The jurisdiction of this Court is founded also on 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202 for causes of action arising under the Lanham Act and the Declaratory Judgment Act. Jurisdiction is founded on 28 U.S.C. §§ 1332 and 1367 for other causes of action.

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

7. This court has personal jurisdiction over the Defendants, who have performed in concerts numerous times at theatres and venues, sold goods and services, and participated in concert tours in this judicial district. Each of the Defendants have also advertised and offered goods and services on an interactive retail website that can be reached from New York.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants are subject to personal jurisdiction here, and because a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

9. An actual case or controversy has arisen between the parties. Defendants have threatened litigation against Plaintiff and assert that Plaintiff's truthful and accurate

use of Defendants' names and likenesses constitutes trademark infringement and violates defendants statutory and common law rights of publicity. These statements threaten irreparable harm to Plaintiff.

### FACTUAL ALLEGATIONS

10. Plaintiff NTC, through a license of its indirect parent company, is the exclusive distributor in the United States (and Canada) for the Zig-Zag® cigarette paper products.

11. Zig-Zag Live Club Tour 2007 is a marketing branch of NTC that operates a concert tour ("ZigZagLive") throughout the United States and here in New York City in which various bands perform at multiple venues with Plaintiff's sponsorship and promotion.

12. There is a website related to Zig-Zag Live Club Tour 2007 at the URL www.zigzaglive.com on which viewers may learn about various musical guests in the ZigZagLive tours and the concert schedule.

13. On information and belief, Defendants are musical performers who have toured on the ZigZagLive 2007 tour, and who are part of, or perform with, a band called Galactic.

14. On March 28, 2008, Defendants wrote to Plaintiff through counsel asserting that Plaintiff's posting materials relating to Defendants on the ZigZagLive website infringes Defendants' rights under, *inter alia*, 15 U.S.C. § 1125(a)(1)(A), California Civil Code § 3334 and Oregon common law, and demanding that Plaintiff cease and desist from posting information about Defendants on the ZigZagLive website, among other things.

3

15. On April 4, 2008 Plaintiff wrote to Defendants through counsel rejecting Defendants' demands.

16. Plaintiff explained in the April 4, 2008 letter that, among other reasons, because Defendants each willingly participated in the ZigZagLive 2007 concert tour, they had no basis to complain about the accurate and factually correct representations on Plaintiff's website.

17. Counsel for the parties corresponded after the exchange of the above correspondence and were unable to resolve the matter.

18. By reason of Defendants' claims of infringement, a real and justiciable controversy exists concerning Plaintiff's rights with respect to their factual and accurate reporting on the ZigZagLive website concerning Defendants and uncertainty will continue to exist unless the issue between Plaintiff and Defendants is resolved.

19. Plaintiff cannot quantify the damage to its reputation and the ZigZagLive tour as a result of Defendants' acts and will suffer irreparable harm in the absence of injunctive relief.

## DECLARATORY JUDGMENT

20. Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

21. This action is brought under the provisions of 28 U.S.C. § 2201 for the purpose of determining a question in actual controversy between Plaintiff and Defendants.

22. In light of Defendants' claims of infringement of their alleged trademarks,

rights of publicity and other common law rights, Plaintiff has a reasonable belief and imminent fear that Defendants intend to file suit against Plaintiff for alleged trademark infringement under 15 U.S.C. § 1125(a), California Civil Code § 3334 and Oregon common law.

23. Plaintiff denies any and all claims of liability for such alleged violations of Defendants' rights.

24. Plaintiff has not engaged in any acts either with knowledge that such acts infringe Defendants' rights or with the intent to cause confusion or mistake, or to deceive the consuming public.

25. There is a substantial and justiciable controversy between Plaintiff and Defendants as to whether Plaintiff's posting on the ZigZagLive website relating to Defendants infringes Defendants' rights under the Lanham Act, 15 U.S.C. §1125(a)(1)(A), California Civil Code § 3334 or Oregon common law, and as to whether Defendants have any legitimate right to continue to threaten or maintain an action for alleged infringement under the Lanham Act or any other statute or common law against Plaintiff.

26. Absent injunctive relief, Plaintiff has no means by which to continue to truthfully and accurately advertise their ZigZagLive touring services. Plaintiff has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Plaintiff for the harms to its reputation and goodwill through the threat of litigation and for Plaintiff's inability to continue to run its businesses without interference.

**WHEREFORE**, Plaintiff demands judgment against Defendants for:

a. an order declaring that Plaintiff's ZigZagLive website does not violate the Lanham Act, 15 U.S.C. § 1125(a)(1)(A);

b. an order declaring that Plaintiff's ZigZagLive website does not violate California Civil Code § 3334;

c. an order declaring that Plaintiff's ZigZagLive website does not violate Oregon common law;

d. an order declaring that Plaintiff's ZigZagLive website does not infringe any rights of Defendants and that Defendants' asserted claims of infringement against Plaintiff are invalid;

e. an order permanently enjoining and restraining Defendants from instituting any action against Plaintiff for violating 15 U.S.C. §1125(a)(1)(A), California Civil Code § 3334, Oregon common law, or any other property rights of Defendants;

f. an order permanently enjoining and restraining Defendants and its officers, employees, agents, representatives and licensees from further asserting that Defendants' publicity rights or other property rights in their names and likenesses are infringed by Plaintiff's truthful and accurate use;

g. attorneys' fees;

h. costs of this action; and

i. such other relief and further relief as this Court deems just and proper.

Dated: April 4, 2008

By: _____

Marcella Ballard
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10009
T: 212.626.4100
F: 212.310.1600

6