UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL TOBACCO COMPANY, L.P.<br><br>                     Plaintiff,<br>    v.<br><br>TIMOTHY PARKER and XAVIER MOSLEY, p.k.a. BLACKALICIOUS, RAYMOND RILEY p.k.a. BOOTS RILEY, SOLOMON DAVID and MARLON IRVING, p.k.a.LIFESAVAS,<br><br>                     Defendants. | ECF Case<br><br>08-CV-03383(SAS) |

**AMENDED MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
FOR IMPROPER VENUE AND FORUM NON CONVENIENS**

Defendants TIMOTHY PARKER and XAVIER MOSLEY, p.k.a. Blackalicious, RAYMOND RILEY p.k.a. Boots Riley, and SOLOMON DAVID and MARLON IRVING, p.k.a. Lifesavas (collectively "Defendants"), respectfully submit this Memorandum of Law in support of their Motion to Dismiss For Improper Venue and Forum Non Conveniens.

**I. BACKGROUND**

Defendants Solomon David, Xavier Mosley, Timothy Parker and Raymond Riley are residents of Alameda County, California. Defendant Marlon Irving is a resident of Portland, Oregon. Defendants Parker and Mosley are nationally-touring recording artists known professionally as Blackalicious. Defendants David and Irving are nationally-touring recording artists known professionally as Lifesavas. Defendant Riley is a nationally-touring recording artist known professionally as Boots Riley, and is a founding member of the musical group known professionally as The Coup.

- 2 -

Plaintiff National Tobacco Company, L.P. (hereinafter "Plaintiff" or "NTC") is a Delaware limited partnership, headquartered in Kentucky and doing business at all times within Alameda County in the State of California.

In March of 2008, the Defendants learned that they were being falsely identified and referred to as sponsored "Zig-Zag Artists" on the website ZigZagLive.com (the "Website"). The Website was created by Plaintiff as part of a national campaign promoting Zig-Zag rolling paper, a product distributed exclusively by NTC.

Upon discovering the Website and the false representation contained therein, Defendants sent a letter to Plaintiff on March 28, 2008, demanding that it cease its violation of their right of publicity and compensate each of the Defendants for the period during which it had been unlawfully using their names, likenesses and biographies to promote NTC's tobacco products. *See* Declaration of Russell J. Chibe ("Chibe Decl."), Ex. 1.

Defendants gave Plaintiff a deadline of April 4, 2008 to cease its illegal actions and remit payment for its prior unauthorized use of Defendants' rights of publicity or face possible lawsuits in California and/or Oregon. On April 4, 2008 Plaintiff contacted Defendants' California counsel purportedly to discuss settlement. Rather than engage in settlement negotiations with Defendants, and unbeknownst to Defendants, Plaintiff instead chose strategically to file a preemptive anticipatory suit against the Defendants, initiating the present matter in this Court on April 4, 2008. *See* Chibe Decl., Ex. 2.

Prior to being properly served in the present matter, Defendants filed their substantive lawsuits against NTC on April 11, 2008 in the U.S. District Court, Northern District of California. *See* Chibe Decl., Ex. 3 and Ex. 4. It was not until seven days after these lawsuits in the Northern

District of California were filed, on April 18, 2008, that the first of five Defendants was served with Plaintiff's complaint in the present matter.

## II. VENUE IS IMPROPER WHERE PLAINTIFF IS NOT A NEW YORK RESIDENT AND NO SUBSTANTIAL EVENT TOOK PLACE IN NEW YORK

Venue is the defendant's personal privilege. *Leroy v. Great Western United Corp.*, 443 U.S. 173 (1979). A defendant may challenge venue on two grounds. First, a defendant may move to dismiss or transfer a matter where venue is improper in that particular district. 28 U.S.C. §1406; *see, e.g., D'Anton Jos, S.L. v. Doll Factory, Inc.,* 937 F.Supp. 320 (S.D.N.Y. 1996). Additionally, a defendant may move to transfer a matter to a more convenient district. 28 U.S.C. §1404; *see, e.g., Kolko v. Holiday Inns, Inc.,* 672 F.Supp. 713 (S.D.N.Y. 1987). When a defendant moves to dismiss a complaint based on improper venue, the burden of showing that New York is the proper forum for this lawsuit rests with the plaintiff. *See E.P.A. ex rel. McKeown v. Port Authority*, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001).

Where federal jurisdiction is not derived solely from diversity of citizenship and the defendants do not reside in the same state, jurisdiction is proper where either a substantial part of the events giving rise to the action occurred or, if no such venue exists, the district where any one defendant may be found. 28 U.S.C. § 1391.

In its Amended Complaint (hereinafter "Complaint"), Plaintiff relies specifically on two false assertions in arguing that venue in the Southern District of New York is proper. Plaintiff first makes the blanket statement that "a substantial part of the events giving rise to Plaintiff's claims occurred in this district." *See* Complaint at ¶ 8. Plaintiff further asserts that venue is somehow proper because of a forum selection clause in an "Artist Sponsorship Agreement" between the Plaintiff and Galactic Funk Touring, Inc., an entity that is not a party to the present matter. Once

these vacuous assertions are disproved, Plaintiff has no legitimate basis for arguing that the Southern District of New York is a proper venue for this matter.

A.   **Plaintiff Has Failed To Establish That A Substantial Event Giving Rise To This Litigation Took Place In New York.**

Plaintiff's first argument fails because not a single event giving rise to this litigation took place in New York. The only event cited in the Plaintiff's complaint which purportedly took place in New York was a single concert performance, which Plaintiff self-servingly mentions for the sole purpose of attempting to establish venue. *See* Complaint at ¶ 7. However, the single referenced concert performance can in no way be considered "substantial" for venue purposes and it has nothing to do with dispute which gave rise to the Defendants' own substantive claims against Plaintiff, let alone the present matter which was strategically filed in anticipation of the same.

Based upon a bare review of Plaintiff's allegations, Defendants' allegedly tortious acts include the threat of litigation, defamatory statements and libelous statements. None of these tortious acts are alleged to have taken place during the aforementioned concert performance, nor are these tortious acts alleged to have taken place at any other time in the State of New York. Absent some qualification of what made the single concert performance "substantial," in the context of the Complaint, let alone in the overall context of the present dispute, the Plaintiff has failed to demonstrate that venue in the Southern District of New York is proper. *See, e.g., Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408, 434 (2d Cir. 2005) (in which the court found the mailing of six rejection letters to New York City residents did not qualify as substantial events in an anti-trust case where "the vast majority" of actions supporting the plaintiff's claims took place outside of New York and none of the 28 defendants were in the Western District of New York). *See also Jamba Juice Company v. Jamba Group, Inc.*, 2002 U.S. Dist. LEXIS 9459,

*7-8 (N.D. Cal. 2002) (holding that the mere fact that the Website is accessible in New York is patently insubstantial for purposes of venue).

Venue is not proper in Plaintiff's strategically-selected forum. The only discernable relationship that New York has to this dispute is one of self-serving convenience, as Plaintiff's counsel has one of its many international offices located in New York.  No single relevant event, let alone a "substantial part of the events," took place in New York.

**B.      The Forum Selection Clause In The Contract Signed By Plaintiff Is Not Controlling Because The Defendants Were Not Parties To The Contract.**

Plaintiff's second argument fails because the referenced contract containing the choice of venue provision on which Plaintiff specifically relies upon was entered into by Plaintiff and Paul Peck ("Peck"), a manager of "Galactic Funk Touring, Inc.," an entity that is not a party to this matter.  *See* Complaint at Exhibit 2.  Second Circuit Courts have held that forum selection clauses such as that specifically relied upon by Plaintiff have been deemed inapplicable to non-signatories. *See Yung v. Lee*, 160 Fed. Appx. 37, 40 (2d Cir. 2005) ("[W]e are not convinced by plaintiffs' argument that a forum selection clause must be accorded special weight against non-signatories to the agreements.").  Despite Plaintiff's unfounded and self-bolstering assertion that Peck "appeared to have control and give consent on behalf of Defendants as a part of the Galactic Funk Touring group" (*see* Complaint at ¶ 20), the contract itself does not mention a single Defendant to this action, and was not signed by a single Defendant to this action.

As the Plaintiff has failed to meet its burden of establishing that the Southern District of New York is a proper venue, dismissal is appropriate.   Further, the Second Circuit has found that where the plaintiff should have realized through due diligence that a venue was improper, outright dismissal is appropriate even where the interest of justice would otherwise warrant transfer.  *See*

*Spar, Inc. v. Information Resources, Inc*., 956 F.2d 392, 294 (2d Cir. 1992). Given the blatant lack of substantive connections between this matter and the State of New York, dismissal is warranted.[1]

**C.      The U.S. Code Dictates That The Northern District Of California Is A Proper Venue As Four Of Five Defendants Reside Therein.**

In the event that the Court decides to transfer this matter, a proper venue can be found in the Northern District of California. As the Plaintiff has failed to assert even a single substantial event that precipitated this litigation, and as Defendants live in two different states (neither of which is New York), 28 U.S.C. § 1391 dictates that the proper forum is any District in which a Defendant resides. Accordingly, this Court should transfer this matter to the Northern District of California, in which four of the five Defendants reside and related litigation is currently pending. *See Industri & Skipsbanken A/S v. Levy*, 183 B.R. 58 (S.D.N.Y. 1995) (in which the court transferred a case to the Southern District of Texas—where one defendant resided—pursuant to 28 U.S.C. § 1391(b), as a related bankruptcy matter was pending therein).

**D.      This Suit is an Improper Use of the Declaratory Judgment Act.**

The Declaratory Judgment Act is not to be invoked to deprive a plaintiff of his conventional choice of forum and timing, precipitating a disorderly race to the courthouse. *See Riviera Trading Corp. v. Oakley, Inc*., 944 F.Supp. 1150, 1159 (S.D.N.Y 1996) (potential plaintiffs should be encouraged to attempt settlement discussions prior to filing lawsuits without fear of preemptive suit by defendant). Moreover, "When a declaratory judgment action has been triggered by a notice letter, this equitable consideration may be a factor in a decision to allow the later filed action to proceed to judgment." *Capitol Records v. Optical Recording Corp*., 810 F. Supp. 1350,

---

[1] While courts may decline to dismiss complaints where the interest of justice requires, the concurrently pending actions in the Northern District of California assure that the dispute between these parties will be litigated in a just manner. *See Industri & Skipsbanken A/S v. Levy*, 183 B.R. 58 (S.D.N.Y. 1995)  Accordingly, transfer to the Northern District of California is an appropriate alternative should this Court decline to dismiss this matter.

- 6 -

CH/ 29520.2

1354 (S.D.N.Y 1992) (*quoting Factors Etc. Inc. v. Pro Arts, Inc*. 579 F.2d 215, 219 (2d Cir 1978) cert. denied, 440 U.S. 908, 59 L. Ed. 2d 455, 99 S. Ct. 1215 (1979)).

The present suit, filed on the day of Defendants' cease-and-desist deadline, was wholly triggered by Defendants' cease-and-desist letter and was consciously and strategically filed in anticipation of Defendants' infringement action.  In addition, Plaintiff's strategic choice of New York was textbook forum shopping, intentionally designed to deprive Defendants of their choice of forums and to force Defendants to expend additional time and resources defending this anticipatory suit in New York.

### III.  AS THIS MATTER HAS NO SUBSTANTIAL CONNECTION TO THE STATE OF NEW YORK AND NO PARTY OR POTENTIAL WITNESS RESIDES THEREIN, DISMISSAL IS PROPER UNDER THE DOCTRINE OF FORUM NON CONVENIENS

Analysis under the doctrine of *forum non conveniens* similarly suggests that this matter should be dismissed or, in the alternative, transferred to the Northern District of California.  A federal court may dismiss or transfer a matter under the doctrine of *forum non conveniens* where the plaintiff's chosen forum is inconvenient or contrary to the interest of justice.  *See Virgin Atlantic Airways Ltd. v. British Airways PLC*, 872 F.Supp. 52, 61 (S.D.N.Y.1994) ("The 'central purpose' of forum non conveniens analysis is to determine whether a trial will be most convenient and will serve the interest of justice").

Courts in the Second Circuit have employed a three-step analysis when determining whether to dismiss a lawsuit under the doctrine of *forum non conveniens*. *Aguas Lenders Recovery Group, LLC v. Suez S.A.,* 2008 WL 612669 (S.D.N.Y., March 8, 2008).  First, the court determines whether there is an adequate alternative forum for the lawsuit.  Second, the court determines the degree of deference to give to the plaintiff's choice of forum.  Third, the court weighs the private and public interests to decide which forum best serves the interests of convenience and justice.  *Id*.

Courts have found that an alternative forum is specifically appropriate if, wherein said alternative forum: "(1) the defendants are subject to service of process there; and (2) the forum permits 'litigation of the subject matter of the dispute.'" *Alfadda v. Fenn*, 159 F.3d 41, 45 (2d Cir. 1998) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22 (1981)). As demonstrated in the above venue analysis (see *supra* at Section I(C)), the Northern District of California is an appropriate alternative forum meeting both of these court-dictated requirements and Defendants have already submitted to jurisdiction and venue in the Northern District of California by filing their substantive actions there.

A.     **Plaintiff's Choice Of Venue Should Receive No Deference.**

Plaintiff's choice of the Southern District of New York as a forum should be given no deference in this matter. The deference given to a plaintiff moves on a sliding scale based on multiple considerations including "the plaintiff's or the lawsuit's bona fide connection to the forum of choice," which encompasses "convenience of the plaintiff's residence in relation to the chosen forum, the availability of witnesses or evidence to the forum district." *LaSala v. UBS, AG*, 510 F. Supp. 2d 213, 223 (S.D.N.Y. 2007) (citing *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (en banc)). Additionally, Second Circuit courts have repeatedly found that the relative means of the parties is an important factor in ruling on a motion to transfer for *forum non conveniens*. *See Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 244 F.Supp.2d 289, 341 (S.D.N.Y. 2003) ("A countervailing factor [in ruling on a motion to transfer for *forum non conveniens*] is the relative means of the parties"); *see also WIWA v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 101 (2d Cir. 2000).

In the immediate matter, all prescient facts weigh against the current forum. Plaintiff itself is headquartered in Lexington, Kentucky, approximately 700 miles away from New York City. Additionally, with Defendants located in both California and Oregon, Plaintiff has failed to even

imply that any evidence or any single witnesses would be located anywhere near New York. Lastly, given that the Plaintiff is a national corporation while the Defendants are individuals and are each working class musical artists, Plaintiff has far more significant resources, financial and otherwise, to willfully and strategically litigate in a foreign venue. This fact is belied by Plaintiff's conscious and deliberate decision to file the present matter in the Southern District of New York, which itself is a foreign venue for the Plaintiff. *See* Chibe Decl., Ex. 5, at ¶ 6; *see also* Chibe Decl., Ex. 6, at ¶ 6; Chibe Decl., Ex. 7, at ¶ 6; Chibe Decl., Ex. 8, at ¶ 6; and Chibe Decl., Ex. 9, at ¶ 6.

**B.     Public Factors Weigh In Favor Of The Northern District Of California As The Appropriate Forum For A Dispute Between These Parties.**

Initially, public factors weigh strongly in favor transferring the case. Plaintiff is asking this Court and the people of New York to expend significant resources to litigate a dispute between residents of California, Oregon and Kentucky for no real reason other than perhaps the fact that certain Defendants performed as guests during a single concert in New York. None of the relevant facts of this case have any connection to New York. New York laws were not and are not invoked or involved in this matter. To allow this matter to proceed in the Southern District of New York is to serve up the resources of the people of New York *carte blanch* to any national or international company that somehow interacts with the State of New York in any miniscule manner whatsoever, no matter how tangential that interaction is to the actual facts in dispute. Additionally, with issues central to this matter already being litigated in the Northern District of California, transferring this matter will prevent redundant or duplicative efforts that would likely arise from these two courts, three thousand miles apart, considering virtually identical facts and arguments from the identical parties. *See Industri & Skipsbanken A/S v. Levy*, 183 B.R. 58 (S.D.N.Y. 1995); *see also* Chibe

- 9 -

Decl., Ex. 5, at ¶ 7; Chibe Decl., Ex. 6, at ¶ 7; Chibe Decl., Ex. 7, at ¶ 7; Chibe Decl., Ex. 8, at ¶ 7; and Chibe Decl., Ex. 9, at ¶ 7.

**C.   Private Factors Demonstrate That The Northern District Of California Is A Superior Forum For Hearing The Dispute Between These Parties.**

Private factors likewise weigh in favor of transfer. The Supreme Court has enumerated private factors to consider as "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). As five of the six parties of the present matter are residents of the West Coast, adjudicating this matter in the Northern District of California would avoid unnecessary difficulties such as increased expenses on the part of all parties and inefficiencies in communicating with Defendants and other potential fact witnesses, many of whom are in the entertainment industry, residing in California or Oregon. *See* Chibe Decl., Ex. 5, at ¶ 6; *see also* Chibe Decl., Ex. 6, at ¶ 6; Chibe Decl., Ex. 7, at ¶ 6; Chibe Decl., Ex. 8, at ¶ 6; and Chibe Decl., Ex. 9, at ¶ 6.

Based on the foregoing, and the allegations in this matter, both the private and public interest factors strongly favor this Court's dismissal of this case on the grounds of *forum non conveniens*. In the alternative, transfer to the Northern District of California is appropriate.

## CONCLUSION

WHEREFORE, Defendants TIMOTHY PARKER and XAVIER MOSLEY, p.k.a. Blackalicious, RAYMOND RILEY p.k.a. Boots Riley, and SOLOMON DAVID and MARLON IRVING, p.k.a. Lifesavas request that this Court enter an Order dismissing Plaintiff's Complaint on the grounds of improper venue and *forum non conveniens*, or in the alternative transfer this

CH/ 29520.2

motion to the Northern District of California and for such other and further relief as to the court may seem just and proper.

Dated: May 30, 2008

                                                          DRINKER BIDDLE & REATH LLP

                                                          s/David B. Sudzus
                                                          David B. Sudzus
                                                          191 N. Wacker Drive,
                                                          Suite 3700
                                                          Chicago, Illinois 60606
                                                          Telephone: (312) 569-1000
                                                          (Facsimile: (312) 569-3000
                                                          david.sudzus@dbr.com

*Attorneys for Defendants Timothy Parker, Xavier Mosley, Raymond Riley, Solomon David, and Marlon Irving*

CH/ 29520.2

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on May 30, 2008, I caused a true and correct copy of the foregoing Amended Memorandum of Law in Support of Motion to Dismiss for Improper Venue and forum Non Conveniens to be electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following to all counsel for Plaintiff and Defendants as listed below:

| Marcella Ballard<br>Baker & McKenzie LLP<br>1114 Avenue of the Americas<br>New York, NY 10009 | **Attorneys for Plaintiff** |
|---|---|
| Anthony E. McNamer, Esq.<br>McNamer and Company<br>519 SW Third Ave., Suite 601<br>Portland, Oregon 97204 | **Attorneys for Defendant Timothy Parker and Xavier Mosley, p.k.a. Blackalicious, Raymond Riley p.k.a. Boots Riley, Solomon David and Marlon Irving, p.k.a. Lifesavas** |

Dated: May 30, 2008

                 s/David B. Sudzus
                 David B. Sudzus